Steven W. Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
switcheson@whitefieldinc.com

Attorneys for Plaintiff, PIAO SHANG INDUSTRY CO., LTD.

FILED
11 MAR 29 PM 3:13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

PIAO SHANG INDUSTRY CO., LTD.,

Plaintiff,

v.

ACCO BRANDS CORPORATION; AMAZON.COM, INC.; BEST BUY CO., INC.; BRACKETRON, INC.;

Defendants.

Case No. CV11 02639 PA (Ex)

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**Jury Trial Demanded**

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Piao Shang Industry Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Acco Brands Corporation, Amazon.com,Inc., Best Buy Co., Inc., and Bracketron, Inc., (each a "Defendant" and collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,305,381 entitled *"Cradle for Telephone"* (the "'381 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the legal owner of the '381 patent. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff is a company organized and existing under the laws of the Republic of Taiwan. Plaintiff maintains its principal place of business at No. 271, Chen Chien St., Shu Lin City, Taipei, Taiwan 238. Plaintiff owns the patent-in-suit, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Acco Brands Corporation ("Acco") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 300 Tower Parkway, Lincolnshire, Illinois 60069.

4. Upon information and belief, Amazon.com., Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

5. Upon information and belief, Best Buy Co., Inc. ("Best Buy") is a corporation organized and existing under the laws of the State of Minnesota, with

1
**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1 | its principal place of business located at 7601 Penn Avenue South, Richfield
2 | Minnesota 55423.

3 |   6. Upon information and belief, Bracketron, Inc. ("Bracketron") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 5624 Lincoln Drive, Edina, Minnesota 55436.

## JURISDICTION AND VENUE

  7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

  8. The Court has personal jurisdiction over each of the Defendants because: each Defendant is present within or has minimum contacts with the State of California and the Central District of California; each Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; each Defendant has sought protection and benefit from the laws of the State of California; each Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California and in the Central District of California.

  9. More specifically, each Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, uses and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Central District of California. Upon information and belief, each Defendant has committed patent infringement in the State of California and in the Central District of California. Each Defendant solicits

1  customers in the State of California and in the Central District of California. Each
2  Defendant has many paying customers who are residents of the State of California
3  and the Central District of California and who each have purchased and/or use each
4  of the respective Defendants' products in the State of California and in the Central
5  District of California.

6       10.   Venue is proper in the Central District of California pursuant to 28
7  U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

9       11.   The '381 patent was duly and legally issued by the United States
10 Patent and Trademark Office on April 19, 1994, after full and fair examination.
11 Moreover, following a full and fair Reexamination proceeding, an Ex Parte
12 Reexamination Certificate issued on July 20, 2010. (A true and correct copy of
13 which is attached hereto as Exhibit B). Plaintiff was the legal owner of the '381
14 patent throughout the period of Defendants' infringing acts and still owns the patent
15 in suit, and Plaintiff thus possesses all rights of recovery under the '381 patent,
16 including the right to sue for infringement and recover past damages.

17      12.   Acco owns, operates, advertises, controls, sells, uses and otherwise
18 provides telephone cradles, available through Acco and its group of companies.
19 Acco has infringed and continues to infringe one or more claims of the '381 patent
20 by making, using, providing, offering to sell, and selling (directly or through
21 intermediaries), in this district and elsewhere in the United States, telephone cradles
22 that embody the patented invention, and will continue to do so unless enjoined by
23 this Court. More particularly, Plaintiff is informed and believes that Acco makes,
24 uses, provides, offers to sell, and sells the "Kensington Windshield/Vent Car Mount
25 For Smartphones," and other devices that embody the patented invention. Acco has
26 further willfully infringed the '381 patent, as Acco has been aware of the patents-
27
28

1  in-suit since at least March 10, 2009, which is the date Acco responded to one of
2  Plaintiff's notices of infringement of the '381 patent.

3        13.    Amazon owns, operates, advertises, controls, sells, uses and otherwise
4  provides telephone cradles, available through Best Buy and its group of companies.
5  Amazon has infringed and continues to infringe one or more claims of the '381
6  patent by making, using, providing, offering to sell, and selling (directly or through
7  intermediaries), in this district and elsewhere in the United States, telephone cradles
8  that embody the patented invention, and will continue to do so unless enjoined by
9  this Court. More particularly, Plaintiff is informed and believes that Amazon
10 makes, uses, provides, offers to sell, and sells the Car Baby "Car Universal
11 Holder," "HTC EVO Sprint" Car Mount, Ikross "H168 PDA/Phone Cradle,"
12 Satechi CR-3600, and other devices that embody the patented invention. Amazon
13 has further willfully infringed the '381 patent, as Amazon has been aware of the
14 patents-in-suit since at least November 7, 2008, which is the date Amazon
15 responded to one of Plaintiff's notices of infringement of the '381 patent.

16       14.    Best Buy owns, operates, advertises, controls, sells, uses and otherwise
17 provides telephone cradles, available through Best Buy and its group of companies.
18 Best Buy has infringed and continues to infringe one or more claims of the '381
19 patent by making, using, providing, offering to sell, and selling (directly or through
20 intermediaries), in this district and elsewhere in the United States, telephone cradles
21 that embody the patented invention, and will continue to do so unless enjoined by
22 this Court. More particularly, Plaintiff is informed and believes that Best Buy
23 makes, uses, provides, offers to sell, and sells the Rocketfish "Car Mount," and
24 other devices that embody the patented invention. Best Buy has further willfully
25 infringed the '381 patent, as Best Buy has been aware of the patents-in-suit since at
26 least March 16, 2009, which is the date Best Buy responded to one of Plaintiff's
27 notices of infringement of the '381 patent.
28

1  15.  Bracketron owns, operates, advertises, controls, sells, uses and otherwise provides telephone cradles, available through Best Buy and its group of companies.  Bracketron has infringed and continues to infringe one or more claims of the '381 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, telephone cradles that embody the patented invention, and will continue to do so unless enjoined by this Court.  More particularly, Plaintiff is informed and believes that Bracketron makes, uses, provides, offers to sell, and sells the "Grip iT," "Cup iT," and other devices that embody the patented invention.  Bracketron has further willfully infringed the '381 patent, as Bracketron has been aware of the patents-in-suit since at least March 10, 2009, which is the date Bracketron responded to one of Plaintiff's notices of infringement of the '381 patent.

16.  Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17.  Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all telephone cradles it manufactures and sells and has otherwise provided notice of the patents to each of the Defendants.

18.  Plaintiff is entitled to recover from each Defendant the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19.  Defendants' infringement of Plaintiff's exclusive rights under the '381 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

20.  Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against each Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '381 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more of the Defendants and that such infringement was willful;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for each Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That, should any Defendant's acts of infringement be found to be willful from the time that each Defendant became aware of the infringing nature of their actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of infringement with respect to the claims of the '381 patent.

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: March 29, 2011

_____
Steven W. Ritcheson,
Attorney for Plaintiff
PIAO SHANG INDUSTRY CO., LTD.