# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-2639 PA (Ex) | Date | June 23, 2011 |
|---|---|---|---|
| Title | Piao Shang Industry Co., Ltd. v. Acco Brands Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     ORDER TO SHOW CAUSE

The Court is in receipt of a Complaint filed by plaintiff Piao Shang Industry Co., Ltd. ("Plaintiff"). The Complaint alleges a single claim against defendants Acco Brands, Amazon.com, Best Buy, and Bracketron ("Defendants") for patent infringement pursuant to 35 U.S.C. § 101, et seq. In particular, Plaintiff alleges that each of the Defendants "makes, uses, provides, offers to sell, and sells" various devices that embody Plaintiff's patented invention for a telephone cradle. (Complaint at ¶¶ 12-15.)

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Based on the factual allegations in the Complaint, it does not appear that Plaintiff's claims against Defendants arise out of the same transaction or occurrence, given that each Defendant seems to sell a different device allegedly infringing on the patented invention. The Court therefore orders Plaintiff to show cause in writing, no later than July 7, 2011, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin,130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court."). Defendants may file their responses no later than July 14, 2011. Alternatively, Plaintiff may file separate actions against each of the Defendants, with new complaints and filing fees. The scheduling conference in this matter is continued to July 25, 2011 at 10:30 a.m.

IT IS SO ORDERED.